**SO ORDERED.**

**SIGNED this 10th day of July, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>ERMA MAE PFEIL<br><br>*DEBTOR* | BANKR. CASE NO.<br><br>07-51241-C<br><br>CHAPTER 7 |

### OPINION AND ORDER ON REAFFIRMATION AGREEMENT

CAME ON for consideration the foregoing matter. The debtor seeks to reaffirm a debt to Karnes County National Bank for a home equity loan with respect to her homestead in Karnes County, Texas. She has income of $840 a month, according to Part D of Form B240, and proposes to repay the debt at the rate of $230.26 a month. She says she has expenses of only $525 a month, but adds helpfully that "my daughter will help with the payments if necessary." No undue hardship within the meaning of the statute is thus demonstrated. *See* 11 U.S.C. § 524(c)(3)(B), (m)(1).

The court writes only to address the propriety and legal significance of reaffirming a home equity mortgage. For over 150 years, the state of Texas has been solicitous of the inviolate nature of the homestead. *See* TEX. CONST., Art. 16, § 50, Interpretive Commentary (Vernon's 1993). It

was not until 2003 that Texas adopted, by referendum, amendments to its constitution to permit home equity loans. The amendment (which in its length and complexity reads more like a statute) sets out strict conditions on what lenders may do and not do in order to grant such loans, a recognition by the legislature that proposed the amendment that, in authorizing home equity loans, Texas would be permitting the first wholesale incursion into the sanctity of the homestead in Texas in well over 100 years. *See id.*

One significant provision of the amendment is relevant to this reaffirmation agreement. Per section 50(a)(6) of Article 16, the lien securing a home equity loan is, by definition *without recourse*. *See id.*, at § 50(a)(6); *see also* § 50(g) (setting forth the notice which must be furnished to every borrower by the home equity lender, clearly disclosing that the lien granted is without recourse). The lender may only resort to the collateral in order to satisfy the obligation, and *may not*, as a matter of law, assert or recover a deficiency judgment from the borrower.

A reaffirmation agreement relieves the debtor of personal liability on an obligation otherwise discharged in bankruptcy. *See* 11 U.S.C. § 524(c). The agreement thus, by definition, applies to *in personam* liabilities, not to *in rem* obligations. *See, e.g.*, *Hall v. National Gypsum Co.*, 105 F.3d 225, 229 (5th Cir. 1997); *Matter of Edgeworth*, 993 F.2d 51, 53 (5th Cir.1993). The underlying debt is not eliminated. *See id.* The collateral securing that debt is still liable *in rem* for the satisfaction of that debt, and discharge does not affect the right of a creditor with a lien to have recourse against its collateral. No discharge violation can thus occur as a result of a lender's efforts to enforce a pre-petition obligation of the debtor against the collateral securing that obligation. Thus, for example, a car lender does not need a reaffirmation agreement in order to repossess and sell a motor vehicle

securing that debt post-discharge if the debtor is in default.[1] Nor does a home lender need a reaffirmation agreement as a pre-condition to enforcing against the debtor's home the debtor's obligation to repay a pre-petition obligation secured by that home. *See In re Kinion*, 207 F.3d 751, 757 (5th Cir. 2000); *In re Pratt*, 462 F.3d 14, 17 (1st Cir. 2007) (as a matter of law, a lien normally survives bankruptcy and the discharge, and is enforceable per state law).

By definition, then, loans which are by their very nature non-recourse in the first instance, whether by contract or by statute, are loans that do not need to be reaffirmed, because reaffirmation discharges only *unsecured* debt. *See Kinion*, *supra*. In Texas, there can be no unsecured debt resulting from a home equity loan, and a lender who attempts to collect such a debt as a personal liability against the borrower would quickly find itself the defendant rather than the plaintiff in state litigation. *See* TEX. CONST., art. 16, § 50(a)(6). Yet here is a lender who has asked its borrower to execute a reaffirmation agreement on a home equity loan (the form shows a footer that identifies the origin of the form as the bank). Is the lender simply doing this as a sort of automatic response to bankruptcy, without thinking? Perhaps. But the court's fear is that the reaffirmation agreement might ultimately be used by this (or some) lender in a state court action to recover a deficiency obligation otherwise prohibited by the Texas Constitution, on some theory of waiver or the like.

The purpose of this opinion is simple and direct: a reaffirmation agreement serves but one purpose. It relieves a lender from the discharge injunction in section 524(a) of the Bankruptcy Code, and nothing more. It cannot (and should not) be construed as a waiver of rights otherwise granted under non-bankruptcy law. That is especially so when the reaffirmation agreement is sought by the lender, with all the inducements and pressures that a lender might bring to bear to convince a debtor

---

[1] It is beyond the scope of this short opinion to discuss whether the fact of bankruptcy itself, without interruption in other obligations such as maintaining payment or maintaining insurance, counts as an event of default sufficient to justify a creditor's repossessing and foreclosing on the collateral. The issue appears to be driven by state law.

to sign such an agreement. *See* footnote 1, *supra*. Lenders are certainly free to offer inducements (some lower interest rates, or extend payments, or the like), and debtors are free to waive their bankruptcy discharge, for a wide variety of economic and social reasons. But such agreements can never be construed as a tacit waiver of rights otherwise granted under non-bankruptcy law. Nowhere should this principle be more zealously defended than when the right in question is conferred on the citizens of a state by that state's constitution (or on the citizens of the United States by the U.S. Constitution, for that matter).

Thus, as a matter of law, regardless whether the loan is self-identified as such or not, in this state, a reaffirmation agreement on a home equity loan is unnecessary as a matter of law, and has no legal effect on the debtor's non-bankruptcy entitlements (including in this case the borrower's right to the protections afforded in section 50(a)(6) of article 16 of the Texas Constitution). Home equity loans are non-recourse in this state, as a matter of Texas constitutional law. Reaffirmation agreements executed in connection with such loans cannot and do not alter the non-recourse status of such loans.

While both improvident and legally unnecessary, such agreements are nonetheless insisted upon as a matter of law by lenders. They should not be. This reaffirmation agreement was not needed by this lender. Nor would it alter any of the parties rights and entitlements one wit. The reaffirmation agreement is thus not approved.

# # #